U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 10 PM 2: 25

CLERK

BY_____ *UW*
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES T. BURKE,                    )
                                   )
                  Petitioner,      )
                                   )
        v.                         )    Case No. 2:25-cv-587
                                   )
JON MURAD, Commissioner of the     )
Vermont Department of Corrections,[1]  )
                                   )
                  Respondent.      )

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION FOR RECONSIDERATION OF
EXHIBITS A, B, AND C FOR A CORRECTED SENTENCE;
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
GRANTING RESPONDENT'S MOTION TO DISMISS; AND
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**
(Docs. 1, 3, 5, & 10)

This matter came before the court for a review of the Magistrate Judge's January 21, 2026 Report and Recommendation ("R & R") (Doc. 5), in which the Magistrate Judge recommended that the court construe the response filed by Respondent Jon Murad as a motion to dismiss and grant it (Doc. 3) and dismiss as untimely the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed by Petitioner James T. Burke. On January 30, 2026, Petitioner timely filed objections to the R & R, which were signed by him on September 10, 2025. *See* Doc. 8 at 20. He attached an affidavit signed by him on May 28, 2025 (the "May 28, 2025 affidavit").

On February 11, 2026, Petitioner timely filed a second set of objections to the R & R, which he signed and dated September 10, 2025. *See* Doc. 9 at 20. The second set

---

[1] On July 28, 2025, Governor Phil Scott appointed Jon Murad as the Interim Commissioner of the Vermont Department of Corrections ("DOC") after the departure of former DOC Commissioner Nicholas Deml. He was appointed Commissioner on February 26, 2026.

of objections contain the same initial twenty pages as his first set of objections.[2]
Petitioner included two new pages comprising paragraph number 45, which are his
objections to the R & R. These two pages are dated January 22, 2026. Petitioner also
included as attachments the May 28, 2025 affidavit and the Nash evaluation.

On March 3, 2026, Petitioner filed a motion for reconsideration of Exhibits A, B,
and C for a corrected sentence. (Doc. 10.) He attached a copy of an amended mittimus
issued to the DOC by the Vermont Superior Court, Criminal Division (the "Vermont
Superior Court"), on February 22, 2012, regarding Petitioner's sentence in Docket No.
3905-7-04 Cncr (the "3905 Case"); a copy of a mittimus issued to the DOC by the
Vermont Superior Court on February 22, 2012, regarding Petitioner's sentence in Docket
No. 173-1-07 Cncr; and a copy of the May 28, 2025 affidavit. The court construes this
filing as a motion to supplement his objections to the R & R, which is GRANTED.

Petitioner is self-represented. Respondent is represented by Assistant Attorney
General Zachary J. Chen.

## I.    Factual and Procedural Background.

### A.    The Underlying Convictions.

The facts underlying Petitioner's claims are "essentially undisputed[.]" (Doc. 1-2
at 1.) On May 24, 2005, Petitioner was arrested in Washington pursuant to a warrant
issued by the Vermont Superior Court in the 3905 Case and Docket No. 5956-10-01 Cncr
(the "5956 Case"). The 3905 Case was a felony case in which Petitioner was charged
with sexual assault, and in the 5956 Case he was charged with a probation violation. The
arrest warrant imposed bail in the amount of $100,000 on the 3905 Case and requested
that Petitioner be held without bail on the 5956 Case.

While Petitioner was awaiting trial in the 3905 Case, he was charged in Vermont
Superior Court Docket Nos. 6303-11-03 Cncr with a misdemeanor for contributing to the

---

[2] Petitioner's reply to Respondent's motion to dismiss, filed on September 25, 2025, is
essentially the same twenty-one-page document as the first and second set of objections, with a
change to the title and minor differences in the text. It is also dated September 10, 2025, and
attaches the May 28, 2025 affidavit and a copy of a February 1, 2010 psychological evaluation
by William B. Nash, Ph.D., P.C. (the "Nash evaluation").

delinquency of a minor and in 6304-11-03 Cncr with a misdemeanor for furnishing a malt
beverage to a minor (the "Misdemeanor Counts"). On October 2, 2006, Petitioner was
convicted of both Misdemeanor Counts after a trial in the Vermont Superior Court. On
the first count, the court sentenced him to serve 21 to 24 months with credit for time
served, held him in contempt for conduct which occurred during the trial, and sentenced
him to twenty-nine to thirty days for the first contempt event, and eighty-nine to ninety
days for the second contempt event, consecutive to his underlying sentence. In Docket
No. 6304-11-03 Cncr, Petitioner was sentenced to serve 21 to 24 months with credit for
time served, consecutive to his sentence in Docket No. 6303-11-03 Cncr. Petitioner
appealed these convictions to the Vermont Supreme Court, which affirmed them in 2008.
*See State v. Burke*, 2008 WL 2781428 (Vt. May Term, 2008). In 2009, Petitioner
completed his sentences on the Misdemeanor Counts.

While still being held on $100,000 bail, Petitioner was convicted by a jury and
sentenced in October of 2010 in the 3905 Case. The Vermont Superior Court did not
specify whether the sentence in the 3905 Case was consecutive or concurrent to his
sentences for the Misdemeanor Counts. DOC deemed the sentence to be concurrent,
resulting in overlap between Petitioner's sentences in the Misdemeanor Counts and his
detention in the 3905 Case. (Doc. 1-1 at 3.)

> [I]n early 2012, [Petitioner] entered into a plea agreement with respect to
> new charges and he also agreed that the sentence in [the 3905 Case] would
> be amended to correct a "clerical error" and to confirm that the sentence in
> [the 3905 Case] was to run consecutively to the cases in existence at the
> time his sentence was imposed in [the 3905 Case]. Thereafter DOC
> received an amended sentencing mittimus in [the 3905 Case]. Based on the
> clarification referenced above, DOC recalculated [Petitioner's] sentence. As
> a result, [Petitioner] no longer received credit in [the 3905 Case] for the
> period of his incarceration that overlapped with his prior sentences [in the
> Misdemeanor Counts] and DOC changed [Petitioner's] minimum release
> date to the summer of 2031.

*Burke v. Deml*, 2025 WL 1355820, at *1 (Vt. May 9, 2025) (reviewing Vermont Superior
Court, Washington Civil Division Docket No. 23-CV-2801); *see also* Doc. 1-1 at 4
("[Petitioner] no longer received credit in [the 3905 Case] for the period of his

3

incarceration that overlapped with his prior sentences. Accordingly, DOC deducted 1,818 days of credit and changed [Petitioner's] minimum release date to the summer of 2031.").

In or about 2012, Petitioner attempted to vacate the plea agreement and the amended mittimus on direct appeal, which was denied. *See State v. Burke*, 2012 WL 6633704, at *4 (Vt. Dec. 13, 2012) (unpub. entry order). He also filed a petition for post-conviction relief ("PCR") and argued he was entitled to relief based on "errors in the entry of the plea and ineffective assistance of trial counsel." *In re Burke*, 2023 WL 4699009, at *1 (Vt. July 21, 2023). The Vermont Superior Court determined his "claims regarding the voluntariness of his plea were barred by res judicata, and that, based on the undisputed facts, an expert was required to support petitioner's ineffective-assistance claims." *Id.* Judgment was entered in favor of the State of Vermont, which was affirmed on appeal. *Id.* at *3.

In June 2023, Petitioner filed a new case based on purported violations of Vermont Civil Procedure Rule 75, alleging that the sentence he is currently serving as a result of the 2012 plea agreement was incorrectly calculated and that "prior convictions were 'brought back to life' in violation of his constitutional rights[.]" (Doc. 1-2 at 3.) The Vermont Superior Court concluded that Petitioner had "not been twice put in jeopardy or otherwise mistreated in a constitutional sense when a court determines whether a sentence should run concurrently or consecutively. The 2010-11 sentencing determined only how the sentence for [the 3905 Case] was to be computed and did not impact [Petitioner's] prior sentences." (Doc. 1-1 at 7.)

Petitioner appealed to the Vermont Supreme Court, which affirmed and found that his "challenges to his plea agreement were not appropriate issues for a Rule 75 complaint and even if they were, they would be barred by the doctrine of res judicata, having previously been considered and rejected on direct appeal and in a PCR." (Doc. 1-2 at 3.) At the time, Petitioner was represented by counsel. In April of 2012, Petitioner attempted to modify his sentence. By an Entry Order dated December 2012, the Vermont Supreme Court rejected that request, noting that Petitioner had knowingly and voluntarily entered into the plea agreement which contains the sentence calculation correction that he now

4

complains about. The Vermont Supreme Court recited at length the February 2012 colloquy between the trial court judge and Petitioner wherein he was advised of the consequences of the plea agreement:

> On appeal, [Petitioner] argues that he did not knowingly enter his nolo contendere plea under Rule 11(b). He asserts that he was tricked into believing that he was entering a conditional plea under Rule 11(a)(2) with the right to appeal various pretrial motions. He suggests that the court failed to ensure he understood the nature of his plea and failed to explain to him the minimum and maximum penalty for the charged crime. [Petitioner] also maintains that there was an insufficient factual basis to support the plea.
>
> For a plea to be unknowingly and involuntarily entered, "an alleged misunderstanding may not be based solely on [Petitioner's] subjective misunderstanding but must be based on objective evidence which reasonably produced the misunderstanding." *In re Stevens*, 144 Vt. 250, 255, 478 A.2d 212 (1984). Thus, this Court "must determine if [Petitioner's] mistaken belief . . ., when judged by objective evidence, was reasonably justified under the circumstances." *Id.* at 256, 478 A.2d 212. The transcript of the change-of-plea hearing does not support [Petitioner's] claim that he was misled into believing that he had entered a conditional plea or that there was a mutual misunderstanding of the plea agreement. Although [Petitioner] asserted that the plea agreement preserved whatever appeal rights he had after a no contest plea, he expressly acknowledged in his back-and-forth with the trial court that he would not be able to appeal adverse pretrial rulings. The court took great pains to ensure that [Petitioner] understood and affirmed that fact.
>
> Moreover, the plea agreement lacked an essential hallmark of a conditional plea pursuant to Rule 11(a)(2): identification of the pretrial ruling or rulings subject to appeal. See V.R.Cr.P. 11(a)(2) ("With the approval of the court and consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."); see also *State v. Peterson*, 181 Vt. 436, 923 A.2d 585, 2007 VT 24, ¶¶ 9-10 (reiterating that in appeal based on conditional plea, review is limited to decision on motion specified in plea agreement).
>
> Instead, the record shows that [Petitioner] knowingly and voluntarily entered his plea under Rule 11(b). As we have observed, before accepting a plea, the trial court "must assure itself that [Petitioner] has a full understanding of what the plea connotes and of its consequence." *In re Parks*, 184 Vt. 110, 956 A.2d 545, 2008 VT 65, ¶ 8 (quotation omitted).

"Compliance with Rule 11 is the procedural manner in which the trial court creates a record demonstrating that [Petitioner's] plea and consequent waiver of constitutional rights is both knowing and voluntary." *Id.* The court complied with Rule 11 here. It determined by colloquy in open court that [Petitioner] understood the nature of the charge to which the plea was offered; the penalty provided for the offense; his right to plead not guilty; and, by pleading nolo contendere, his waiver of certain rights. *See* V.R.Cr.P. 11(c). The court also ascertained that [Petitioner] had entered the plea willingly. See V.R.Cr.P. 11(d). The court was not required to find a factual basis for the plea, see *State v. Peck*, 149 Vt. 617, 622, 547 A.2d 1329, 1332, (1988), but nonetheless made such a finding, and the finding is supported by the record.

*Burke*, 2012 WL 6633704, at *3-4 (footnote omitted).

## B.    The § 2254 Petition and Respondent's "Response."

On June 18, 2025, Petitioner filed his § 2254 Petition and challenged the calculation of his sentence based on alleged violations of United States Supreme Court precedent and the Double Jeopardy Clause of the federal Constitution. He argued that Respondent "unlawfully resurrected . . . [m]isdemeanor case numbers-#6303-11-03 CnCr & #6304-11-03 CnCr, and (VOP) time from MAX-OUT & DISCHARGE" and that the "[m]axed-out misdemeanors could not be considered 'consecutive to existing sentences' [in the 3905 Case] because they no longer existed[.]" (Doc. 1 at 15.) He asserted his § 2254 Petition is timely filed because he filed it within one year of the Vermont Superior Court's and the Vermont Supreme Court's decisions dismissing his Rule 75 complaint and that the factual predicate for his pending claim could not have been discovered until those decisions were filed in October of 2024 and May of 2025, respectively. Petitioner also claimed that Respondent "created [an] impediment to filing [the § 2254] Petition more timely," and "extraordinary circumstances beyond [his] control prevented him from more timely filing this [P]etition[.]" *Id.* at 14-15 (internal quotation marks omitted).

On August 27, 2025, Respondent filed an opposition to the § 2254 Petition and argued it is untimely and barred by the statute of limitations. Respondent further argued that Petitioner failed to exhaust his administrative remedies, waived claims, and is

collaterally estopped from litigating issues previously decided against him. On September 25, 2025, Petitioner filed an opposition to Respondent's filing.

## II.    Legal Analysis and Conclusions.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Green v. Dep't of Educ. of City of N.Y.*, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) ("The court may adopt those portions of the [R & R] to which no objection is made as long as no clear error is apparent from the face of the record.") (quoting *Oquendo v. Colvin*, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014)) (internal quotation marks omitted).

In his objections, using intemperate language at times,[3] *see Kirk v. Citigroup Glob. Mkts. Holdings Inc.*, 2025 WL 751381, at *2 (2d Cir. Mar. 10, 2025) ("Self-represented status does not relieve parties of the expectation that they will comport themselves civilly when addressing opposing counsel and the court."); *Kolts v. Carlson*, 2024 WL 4242062, at *8 n.4 (D. Vt. Sept. 19, 2024) ("Self-represented litigants are expected to engage in the same civility as represented litigants and their attorneys."), Petitioner claims that the Magistrate Judge erroneously overlooked federal law, including the Double Jeopardy Clause, and mistakenly concluded that Petitioner failed to exhaust his claims in the Vermont state courts and his Petition was untimely insofar as it related to a 2008 conviction and a 2012 change of plea. Petitioner asserts that he has an actual innocence

---

[3] *See* Doc. 9 at 21, ¶ 45 ("Magistrate Doyle has eroded Petitioner[']s actually-innocent-clause constitutional rights . . . by being a bias[ed]ly-d[y]sfunctional disgrace to the federal judiciary[.]"); *id.* ("[T]his Magistrate [Judge] has eroded Petitioner[']s exhausted actually-innocent constitutional rights . . . by being a bias[ed]ly judicial criminal who has broken federal law[.]"); *id.* (referring to the Magistrate Judge as "Mr. Doyle").

claim and requests this court "do a correct calculation of his VT[] DOC time[,] from the true date of his arrest on/by Vermont State on May 24, 2005, and not the over-turning of any conviction[s.]" (Doc. 9 at 21.) He further argues that the Magistrate Judge failed to accurately conclude that this is the first time he has made these arguments in this court.

In his eleven-page R & R, the Magistrate Judge reviewed the factual and procedural posture of the case, including the state court proceedings, and recommended the court construe Respondent's filing as a motion to dismiss. Petitioner did not object to this recommendation, which the court adopts.

The Magistrate Judge concluded that the § 2254 Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) because the Vermont Supreme Court affirmed Petitioner's convictions in May of 2008 and Petitioner did not demonstrate that he timely requested a writ of certiorari in the United States Supreme Court. The Magistrate Judge reasoned that, even if the court used the date of Petitioner's 2012 plea agreement as the operative date, his § 2254 Petition was untimely because Petitioner failed to file a PCR petition that tolled the deadline for his § 2254 Petition. Petitioner did not object to these conclusions, and the court agrees that his § 2254 Petition was not timely filed.

To the extent Petitioner requested equitable tolling based on his assertion that Respondent "created [an] impediment to filing [the § 2254 Petition] more timely," and "extraordinary circumstances beyond [his] control prevented him from more timely filing this [P]etition[,]" (Doc. 1 at 14-15) (internal quotation marks omitted), objections to an R & R "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). Petitioner's generalized objections restate arguments he previously made and are conclusory, vague, and "fail to state any specific basis for not adopting the R & R." *Petrovic v. Comm'r of Soc. Sec.*, 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016)

8

("Even construing Plaintiff's objections to the R&R broadly because he is proceeding pro se, his objections are conclusory, vague, and fail to state any specific basis for not adopting the R&R."). The Magistrate Judge made no clear errors in the R & R with respect to recommending equitable tolling was not available, and the court adopts this conclusion in full. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (permitting a court to consider an otherwise untimely habeas petition if the petitioner establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing[]") (internal quotation marks omitted); *Harper v. Ercole*, 648 F.3d 132, 142 (2d Cir. 2011) (requiring a petitioner demonstrate "the existence of extraordinary circumstances causing [him] to miss the . . . filing deadline").

Petitioner's primary objection to the R & R is that his double jeopardy rights have been violated because, having fully served his sentences, he is now "actually-innocent" of the Misdemeanor Counts and DOC's 2012 recalculation of his credit for time served in the 3905 Case "over-turn[ed]" his conviction in the Misdemeanor Counts. (Doc. 9 at 21); *see also* Doc. 5 at 9 ("Petitioner appears to contend that the state courts recently violated his double jeopardy rights by erroneously concluding that the DOC correctly recalculated his sentence following the 2012 plea agreement."). As the Magistrate Judge observed, "[t]he prohibition against double jeopardy is not a 'newly recognized' right, but rather a longstanding constitutional principle." (Doc. 5 at 8) (quoting *Green v. United States*, 355 U.S. 184, 187 (1957)). Petitioner is not "actually innocent" of the Misdemeanor Counts solely because he fully served his sentences. He cites no authority for that approach, and the court has found none. The court agrees with the Magistrate Judge's conclusion that, "[t]o the extent Petitioner's claim is that the DOC's sentencing calculation did not credit the time served on his misdemeanor sentences, . . . [t]he factual predicate of such a claim was known to Petitioner at the time of his 2012 plea agreement." (Doc. 5 at 10.) Petitioner sought to overturn that plea agreement, the Vermont Supreme Court examined the plea at length, and the Vermont Supreme Court determined that Petitioner waived his right to overturn a negotiated resolution that reflected his agreement to a revised sentence

calculation. As a result, the one-year statute of limitations expired well before Petitioner filed his § 2254 Petition. Dismissal is therefore required under the facts and circumstances of this case.

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS Petitioner's motion for reconsideration of Exhibits A, B, and C for a corrected sentence calculation (Doc. 10); ADOPTS the Magistrate Judge's R & R (Doc. 5) as the court's Opinion and Order; GRANTS Respondent's motion to dismiss; and DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of March, 2026.

Christina Reiss, Chief Judge
United States District Court